## THE EFFNA.

### UNITED STATES v. GANO MOORE CO.

### GANO MOORE CO. et al. v. UNITED STATES.

District Court, S. D. New York. August 5, 1927.

Charles H. Tuttle, U. S. Atty., of New York City (Harold F Birnbaum, Sp. Asst. U. S. Atty., of New York City, of counsel), for the United States.

Burlingham, Veeder, Masten & Fearey, of New York City, for respondent and cross-libelant.

KNOX, District Judge. When, on July 26, 1920, the Effna was reported to charterers as ready to receive cargo for a voyage to Rio de Janeiro, her fuel tanks were practically empty, and she could not have proceeded, had she received cargo on that day. In fact, the Shipping Board had no oil available for any of its ships at Norfolk, where the Effna lay, until August 4, 1920; and, due to the requirements of other government vessels, already "on orders" for fuel oil, none of that oil could have bunkered the Effna. Had the ship been ready to fulfill the engagement of her charter when tendered to charterers, her lay days, allowing for a Saturday afternoon and a Sunday, would have expired on August 5, 1920, at 9:31 p. m.; and, assuming that charterers should have loaded the vessel within her free time, and the vessel had been placed "on orders" for fuel on the morning of August 6, 1920, the probability that she would not have received her necessary allotment of oil until August 24, 1920, is a practical certainty. The proof of this is that another Shipping Board boat, viz. the West Cajoot, was placed "on orders" at 10 a m. of August 6, and did not receive her fuel for 18 days thereafter. Unless a particular boat should be given a preference not accorded to ordinary cargo carriers, she had to await her turn, and, under the practice put into effect by the Shipping Board, no vessel would be placed "on orders" until she was loaded and ready for sea. While the motive of the board in thus dealing with the oil shortage then in existence may have been proper enough, I am not of opinion that the situation was such as to start the running of demurrage against Gano Moore Company.

A condition precedent to the running of demurrage was that the Effna should be "in every way fitted" for her contemplated voyage. It is argued here that the delay in loading cargo, which, as most, amounted to 3 days, 13 hours, and 44 minutes, caused an equivalent extension of the delay in bunkering. This might be true, if the Shipping Board had then been in a position to supply the Effna, and the vessels ahead of her, with the oil needed for the voyage. United States v. Bowring & Co. (D. C.) 26 F (2d) 91. But here no oil for the Effna was available when her hatches were closed, and none was to be had for more than two weeks thereafter. In view of conditions then existing, it is pure speculation as to how long the bunkering was delayed, due to the fault of the charterer. It cannot be said, therefore, that the United States suffered damages from the delay.

In addition to the foregoing, the charter of the Effna was not to become effective un-

'til the chartering executive of the Shipping Board gave his consent to its terms. Such consent was not given until July 30, 1920; and, if the lay days be held not to begin to run until the consent to the charter was obtained, the vessel was loaded within the free time. Without discussing the contention that the provisions requiring approval of the charter by the Shipping Board is ineffective for charterer's present purposes, it does not seem reasonable that Gano Moore Company should have incurred the risk of loading the vessel until it had a binding and valid contract for the carriage of its cargo.

The government's libel is dismissed.

Similar action should also be taken with respect to the charterer's cross-libel. Gano Moore Company received its contract price for the coal shipped on the Effna and suffered no damage whatsoever. As for E. G. Fontes & Company, who were consignees of Gano Moore Company, it is to be said that this record contains no satisfactory proof that they suffered any loss as a result of the delay of the Effna in reaching Rio.

The cross-libel is dismissed.